**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ASHLEY LAKE,** | § | |
| *Plaintiff,* | § | |
| **vs.** | § | **Civil Action No. 4:25-CV-00996-ALM** |
| **TAYLOR MORRISON, INC.,** | § | |
| *Defendant.* | § | |

**DEFENDANT'S UNOPPOSED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OF NONPARTY STUART MEADOWS TO TESTIFY AT A DEPOSITION**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Defendant Taylor Morrison, Inc. ("TM" or "Defendant") moves to compel non-party Stuart Meadows ("Meadows") to comply with a subpoena directing him to appear and testify at a deposition in this matter. As further explained below, Defendant respectfully requests this Court to grant its Motion to Compel because Meadows has failed to comply with the subpoena without adequate legal justification.

## I. INTRODUCTION

Plaintiff Ashley Lake brought this action against Defendant alleging disparate treatment sex discrimination, hostile work environment sexual harassment, and associational race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Stuart Meadows is a former TM Project Manager who served as one of Plaintiff's direct supervisors at TM's Celina, Texas worksite and, as he conceded in a signed declaration, possesses personal, firsthand knowledge of events central to both Plaintiff's claims and Defendant's defenses. *See* Exhibit A. Defendant properly served Meadows with a Subpoena to Testify at a Deposition in a Civil Action ("Deposition Subpoena") on March 11, 2026. Meadows has refused to comply,

asserting only boilerplate objections by email, and has not filed a motion to quash. Defendant attempted to confer with Meadows and requested that he withdraw his objections, but he did not respond. Defendant therefore moves to compel Meadows to appear and testify. Plaintiff does not oppose the Motion.

**A. Meadows's Relevance and Refusal to Comply with the Deposition Subpoena.**

Meadows was employed by TM as a Project Manager from October 2023 to March 2025. He supervised and worked out of the same location in Celina, Texas as Plaintiff and then-Senior Superintendent Phillip Cook, whom Plaintiff accuses of harassment in her Complaint. Meadows has testified in a sworn declaration that he provided to Plaintiff's counsel prior to the filing of this litigation that: he personally observed Cook make inappropriate comments and gestures toward Plaintiff; he told Cook to "chill out" and stop making inappropriate comments; and Plaintiff complained to him that Cook made inappropriate comments toward her. Exhibit A. Meadows further testified that he participated in spray-painting explicit images on Plaintiff's desk and physically removed her office door, both of which are conduct that Plaintiff asserts to be harassment for which she contends Defendant is liable. *See* Exhibit A, Complaint, ¶¶ 19–20 (Dkt. No. 1).

On March 11, 2026, Defendant served Meadows with a Subpoena to Testify at a Deposition in a Civil Action, commanding him to appear and give testimony (Exhibit B), as well as a subpoena to produce documents, which is the subject of a separate Motion to Compel. On March 31, 2026, Meadows sent an email to Defendant's counsel purporting to object to the subpoena, asserting that it "seeks compliance beyond the geographic limits permitted under Rule 45" because he "reside[s] outside the 100-mile radius," and that "the requests appear overly broad and seek personal information in connection with a matter in which I am not a party." Exhibit C. The Subpoena was

lawfully issued and served upon Meadows on or about March 30, 2026, at his residence in Grayson County, Texas, requiring compliance within 100 miles of Meadows' residence, making any geographic objection moot. Meadows has not filed a motion to quash and has offered no substantiated justification for his refusal to testify.

## II. ARGUMENT AND ANALYSIS

### A. Legal Standard for Compelling Deposition Testimony of a Non-Party.

Federal Rule of Civil Procedure 45 authorizes a party to command a non-party "to attend and testify" at a deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(a)(1)(A)(iii), (c)(1)(A). The scope of permissible discovery is governed by Rule 26(b)(1), which reaches "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Ruiz v. Fiesta Mart, L.L.C.*, No. 22-20489, 2023 WL 5031489, at *2 (5th Cir. Aug. 7, 2023); *see Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991).

A non-party who wishes to challenge a subpoena must serve written objections before the earlier of the compliance date or 14 days after service or file a timely motion to quash under Rule 45(d)(3). Fed. R. Civ. P. 45(d)(2)(B), (d)(3); *MetroPCS v. Thomas*, 327 F.R.D. 600, 607–08 (N.D. Tex. 2018). Failure to comply without adequate excuse subjects the non-party to contempt. Fed. R. Civ. P. 45(g); *Powell v. Nelnet, Inc.*, No. 4:23-CV-00783-SDJ-BD, 2024 WL 4350808, at *2 (E.D. Tex. Sept. 30, 2024); *Miles as Next Friend of Q.S. v. Dolgencorp of Tex., Inc.*, No. 3:19-cv-2805-S-BN, 2020 WL 6063820, at *3 (N.D. Tex. Oct. 14, 2020).

### B. Meadows Failed to Comply with the Deposition Subpoena Without Adequate Legal Justification.

Meadows's March 31, 2026 email objection asserting that the subpoena exceeds the geographic limits of Rule 45 and that the request for his testimony is "overly broad" is deficient.

The subpoena commands Meadows' deposition be conducted at the Ogletree Deakins Dallas Office, located at 8117 Preston Road, Suite 500, Dallas, Texas 75225 – approximately 70 miles from Meadows's residence and well within the 100-mile limit of Rule 45(c)(1)(A).

The overbreadth objection is a boilerplate assertion. Non-party objections must be stated with particularity. *See MetroPCS*, 327 F.R.D. at 607; *Rolando Rodriguez-Meza, et al., v. Fermin Venegas, et al.*, No. 2:17-CV-54–AM–CW, 2020 WL 14100966, at *3 (W.D. Tex. Nov. 30, 2020). Meadows identifies no privilege, asserts no specific burden, and fails to explain how appearing to testify – as opposed to producing documents – can be "overly broad." Finally, Meadows never filed a motion to quash or sought a protective order and waived any further objection. *In re Xiaomi Tech. Netherlands B.V.*, No. CV 4:25-MC-13, 2025 WL 3068736, at *5 (E.D. Tex. Nov. 3, 2025) ("A non-party 'cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance with the subpoena.'") (citation omitted); *see Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015).

Moreover, Meadows is not a disinterested third party in these proceedings. *See* Fed. R. Civ. P. 26(b)(1); *MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018) ("[W]hat is required to make proper objections and how to properly respond to discovery requests apply equally to non-parties subject to a Rule 45 subpoena."). Rather, prior to the commencement of the litigation, he provided Plaintiff's counsel with sworn written testimony directly addressing the allegations that Plaintiff raises in her Complaint. *See* Exhibit A. Having interjected himself into the litigation as a material witness, he may not now use his third-party status as a shield from cross-examination on that prior written testimony. *Cf. Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (undue-burden inquiry weighs "relevance of the information requested" and "the need of

the party for the documents").

Indeed, Plaintiff testified at her deposition that she personally recruited Meadows to participate in her case, asking him to speak with her counsel because "he witnessed a lot of the things that happened." Dep. of Ashley Lake 15:6–22, Aug. 10, 2026, Exhibit E. Plaintiff confirmed that she asked Meadows whether he would participate in her case, and that he agreed to do so. Exhibit E at 171:6–24. Meadows himself reached out to Plaintiff the very day he received the subpoena to discuss it with her. Exhibit E at 165:8–166:14. Critically, Plaintiff agrees that Meadows has information that is relevant to her allegations against Defendant. Exhibit E at 166:11–13.

Meadows is not merely a bystander. He is a direct participant in the conduct underlying Plaintiff's claims. Plaintiff testified that Meadows admitted to Plaintiff that he had been involved in spray painting explicit images on her desk (which he also detailed in his Declaration for Plaintiff's counsel, Exhibit A), though he had denied his involvement to Plaintiff at the time. Exhibit E at 142:20–143:4. Additionally, Plaintiff testified that she reported alleged comments by Cook to Meadows on multiple occasions and that Meadows (who was both Cook and Plaintiff's manager) said he would "talk to Phillip" in response. Exhibit E at 44:19–45:1, 97:16–21, 98:13–19. Defendant's ability to cross-examine Meadows on these topics, e.g., his own role in the alleged harassment, his knowledge of Plaintiff's complaints, the adequacy of his response as a supervisor, and his ongoing communications with Plaintiff about this litigation, are essential to Plaintiff's claim that she was subjected to unwelcome conduct that was known by Defendant, and essential to Defendant's corresponding defenses. Meadows's deposition testimony bears on the credibility of all of the witnesses since his written declaration contradicts Cook's sworn testimony and in some respects Plaintiff's, as well as any potential bias or motive underlying his sworn declaration

on Plaintiff's behalf. Further, Meadows has knowledge of Plaintiff's job duties and performance, the circumstances that led Meadows to place Plaintiff on a performance improvement plan, and his recommendations with respect to her compensation (which Plaintiff claims is disparate to male counterparts).

It is clear that both parties agree that Meadows' testimony is material. *See* Fed. R. Civ. P. 26(g)(1)(A) (signature on a Rule 26(a) disclosure certifies that it is "complete and correct as of the time it is made"). In her initial disclosures, Plaintiff named Meadows as a witness with material knowledge as follows:

> Mr. Meadows has knowledge of: (1) Plaintiff's job duties and performance; (2) Mr. Cook's harassment of Plaintiff; (3) Plaintiff's complaints to him regarding Mr. Cook's conduct; (4) his conversations with Mr. Cook regarding Plaintiff's complaints; (4) Mr. Cook's role as Plaintiff's day-to-day supervisor; and (5) the facts stated in his Declaration dated July 11, 2025.

Cook—a Senior Superintendent who worked alongside Meadows and Plaintiff at the Celina worksite—confirmed Meadows's central role in the events underlying this litigation during his August 13, 2026 deposition. This testimony materially contradicts Meadows' declaration and therefore underscores the need to cross-examine Meadows with respect to his written testimony. Cook testified under oath that: (1) it was Meadows who spray-painted sexually explicit images on Plaintiff's desk while Cook was present in the trailer (*see* Cook Dep. 151:20–153:16, Exhibit F); (2) Meadows physically removed Plaintiff's office door (Exhibit F at 167:1–6); (3) Meadows made sexual comments about Plaintiff (Exhibit F at 231:24–232:7); and (4) after Cook was placed on leave during an investigation into Cook's conduct, Meadows called Cook and they discussed Lake's claims. (Exhibit F at 144:1–4). Cook's sworn testimony independently establishes that Meadows possesses firsthand, material knowledge that bears directly on both Plaintiff's hostile work environment claims and Defendant's defenses, and that cross-examination of Meadows on

these subjects is essential to both parties.

Meadows' testimony is directly relevant to both Plaintiffs' claims and Defendant's affirmative defenses – not cumulative or tangential – where there are significant disputes of fact between the other witnesses who have been deposed. Fed. R. Civ. P. 26(b)(1); *MetroPCS*, 327 F.R.D. at 610. No privilege or undue burden shields him from the obligation to testify, *Wiwa*, 392 F.3d at 818, and his non-party status does not excuse compliance with a properly served subpoena. *MetroPCS*, 327 F.R.D. at 607; *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D. Tex. 2015); *see also Folkenflik v. Chapwood Capital Inv. Mgmt., LLC*, Nos. 4:20-mc-00036, 4:20-mc-00038, 2020 WL 9936142, at *4–7 (E.D. Tex. June 5, 2020) (granting motions to compel non-party compliance with Rule 45 subpoenas); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("When a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.") Defendant therefore requests that this Court compel Meadows to appear and testify.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Taylor Morrison, Inc. respectfully requests that the Court enter an order: (1) compelling non-party Stuart Meadows to appear and testify at a deposition in this civil action on a date mutually agreeable to the parties at the Ogletree Deakins Dallas Office, located at 8117 Preston Road, Suite 500, Dallas, Texas 75225; (2) granting such other and further relief as the Court deems just and proper. Defendant reserves the right to seek reasonable expenses, including attorney's fees, upon Meadows's failure to comply with any order of this Court pursuant to Rule 45(d)(1) and Rule 45(g).

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Erika L. Leonard*
**ERIKA L. LEONARD**
Texas State Bar No. 24110740
erika.leonard@ogletree.com
**DAISY J. RAMIREZ**
Texas State Bar No. 24119121
daisy.ramirez@ogletree.com
301 Congress Avenue, Suite 1150
Austin, Texas 78701
Telephone: (512) 344-4700
Facsimile: (512) 344-4701

**ATTORNEYS FOR DEFENDANT TAYLOR MORRISON, INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned counsel certifies as follows:

1. On August 14, 2026, counsel for Defendant, Daisy Ramirez, conferred with Plaintiff's counsel, Justin Sumner, regarding the subject matter of this Motion. Plaintiff's counsel indicated Plaintiff does not oppose this Motion.

2. As to non-party Stuart Meadows, who does not appear to be represented by counsel: on August 5, 2026, counsel for Defendant contacted Meadows via email to stuartmeadows13@yahoo.com to discuss his objections to the subpoena and attempt to resolve the dispute without court intervention. In that August 5, 2026 email, counsel asked whether Meadows wished to withdraw his objections and comply with one or both of the subpoenas or whether he wished to maintain his objections. Counsel informed Meadows that Defendant intended to file motions to compel compliance with both subpoenas. Counsel offered Meadows the opportunity to discuss the matter further and provided new deadlines if he chose to comply. As of the date of filing, Meadows has not responded to counsel's August 5, 2026 email.

*/s/ Erika L. Leonard*
**ERIKA L. LEONARD**

*/s/ Daisy Ramirez*
**DAISY RAMIREZ**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to counsel of record.

Justin V. Sumner
State Bar No. 24063022
jsumner@sumnerlaw.com
Amanda Bridson
State Bar No. 24092172
abridson@sumnerlaw.com
SUMNER LAW, LLP
3006 Cole Avenue
Dallas, Texas 75204
Tel: 214-965-9229
Fax: 214-965-9215
**ATTORNEYS FOR PLAINTIFF**

I further certify that on this same date, a true and correct copy of the foregoing was sent via FedEx mail to the following non-party, who does not appear to be represented by counsel:

**Stuart Meadows**
215 Stirrup Road
Tioga, Texas 76271
**NON-PARTY, *PRO SE***

/s/ *Erika L. Leonard*
**ERIKA L. LEONARD**